Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

AMERICA PEREZ BAUTISTA,
ANASTACIA SANTIAGO, FLAVIA
BAUTISTA-MARTINEZ, MARIA NERI,
*individually and on behalf of others similarly*
*situated,*

                        *Plaintiffs,*

           -against-

LUNA ROSSA BAKE SHOP, LLC (d/b/a
LUNA ROSSA), and VITO CARDINALE,

                 *Defendants.*
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

        Plaintiffs America Perez Bautista ("Plaintiff Perez"), Anastacia Santiago ("Plaintiff Santiago"), Flavia Bautista-Martinez ("Plaintiff Bautista-Martinez") and Maria Neri ("Plaintiff Neri") (collectively, "Plaintiffs"), individually and on behalf of others similarly situated, by and through their attorneys, Michael Faillace & Associates, P.C and as against each of Defendants, Luna Rossa Bake Shop, LLC (d/b/a Luna Rossa) ("Defendant Corporation") and Individual Defendant Vito Cardinale ("Defendant Cardinale"), collectively, "Defendants", allege upon information and belief, as follows::

## NATURE OF ACTION

        1.    Plaintiffs are former employees of Defendants Luna Rossa Bake Shop, LLC (d/b/a Luna Rossa) and Vito Cardinale.

2. Luna Rossa is a Bakery owned by Vito Cardinale, located at 809 Henderson Ave. Staten Island, NY 10310.

3. Upon information and belief, Defendant Vito Cardinale serves or served as owner, manager, principal or agent of Defendant Corporation and through this corporate entity operates the Bakery.

4. Plaintiffs are former employees of Defendants.

5. Plaintiffs were employed by Defendants as cookies makers and bakers, cookies packers and for cleaning.

6. At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without receiving the applicable minimum wage or appropriate compensation required by federal and state law and regulations for the hours over 40 per week that they worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of their hours worked, failed to pay Plaintiffs the applicable minimum wage, and failed to pay them appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

8. Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which Plaintiffs had to work over 10 hours a day.

9. Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

10. Plaintiffs bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act

2

of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 § 146 and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4(a) (2009) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

13.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiffs were employed by Defendants in this district.

## PARTIES

### *Plaintiff*

14.     Plaintiff America Perez Bautista ("Plaintiff Perez") is an adult individual residing in Staten Island County, New York. Plaintiff Perez was employed by Defendants from approximately December 2012 until on or about August 2015.

3

15.     Plaintiff Anastacia Santiago ("Plaintiff Santiago") is an adult individual residing in Staten Island County, New York. Plaintiff Santiago was employed by Defendants from approximately October 2009 until on or about January 2015.

16.     Plaintiff Flavia Bautista-Martinez ("plaintiff Bautista-Martinez") is an adult individual residing in Staten Island County, New York. Plaintiff Bautista-Martinez was employed by Defendants from approximately November 2011 until on or about July 2015.

17.     Plaintiff Maria Neri ("Plaintiff Neri") is an adult individual residing in Staten Island County, New York. Plaintiff Neri was employed by Defendants from approximately July 2015 until on or about December 2015.

*Defendants*

18.     At all times relevant to this complaint, Defendants own, operate, and/or control a Bakery factory located at 809 Henderson Ave. Staten Island, NY 10310 under the name "Luna Rossa".

19.     Upon information and belief, Luna Rossa Bake Shop, LLC ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 809 Henderson Ave. Staten Island, NY 10310.

20.     Defendant Vito Cardinale is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Vito Cardinale is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

4

21.     Defendant Vito Cardinale possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

22.     Defendant Vito Cardinale determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

23.     Defendants operate a Bakery factory located at 809 Henderson Ave. Staten Island, NY 10310.

24.     Individual Defendant Vito Cardinale possesses operational control over Defendant Corporation, possesses an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation.

25.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

26.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

5

27.     Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are Plaintiffs' (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

29.     Upon information and belief, Individual Defendant Vito Cardinale  operates Defendant Corporation as either an alter ego of himself, and/or fails to operate Defendant Corporation as a legal entity separate and apart from himself by, among other things:

30.     failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

31.     defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

32.     transferring assets and debts freely as between all Defendants;

33.     operating Defendant Corporation for his own benefit as the sole or majority shareholder;

34.     operating Defendant Corporation for his own benefit and maintaining control over it as a closed corporation or closely controlled entity;

35.     intermingling assets and debts of his own with Defendant Corporation;

36.     diminishing and/or transferring assets of Defendant Corporation to protect his own interests; and

37.     other actions evincing a failure to adhere to the corporate form.

6

38.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and NYLL.

39.     Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

40.     In each year from 2009 to 2015, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

41.     In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were used by the Bakery on a daily basis, such as flour and chocolate, were produced outside of the State of New York.

*Individual Plaintiffs*

42.     Plaintiffs are former employees of Defendants, employed in performing the duties of cookies makers, bakers and packers; and, occasionally were asked to perform activities for cleaning.

43.     Plaintiffs consent to being a party pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff America Perez Bautista*

44.     Plaintiff Perez was employed by Defendants from approximately December 10th, 2012 until on or about August 2015.

7

45.    At all relevant times, Plaintiff Perez was employed by Defendants as a cookie packer and occasionally, for cleaning activities, such as cleaning the batter, sweeping the floor and washing the cooking tables.

46.    Plaintiff Perez regularly handled goods in interstate commerce, such as baking instruments and cleaning utensils produced outside of the State of New York.

47.    Plaintiff Perez's work duties required neither discretion nor independent judgment.

48.    Throughout her employment with Defendants, there were several weeks when Plaintiff Perez regularly worked in excess of 40 hours per week.

49.    From approximately December 2012 until on or about August 2015, Plaintiff Perez worked a twelve-hour shift two days a week (typically 24 hours per week).

50.    During Plaintiff Perez's breaks from school in 2012, 2013, 2014 and 2015, which were one week in December, one week in February, one week around Easter and three months over the summer, she worked a twelve-hour shift five days a week (typically 60 hours per week).

51.    Throughout her employment with defendants, Plaintiff Perez was paid her wages in cash.

52.    From approximately December 2012 until on or about July 2013, Plaintiff Perez was paid $4.25 per hour.

53.    From approximately July 2013 until on or about August 2015, Plaintiff Perez was paid $4.50 per hour.

54.    Plaintiff Perez was paid $6.00 per hour the last week she worked on August 2015.

8

55.     Plaintiff Perez's wages did not vary regardless of how much additional time she worked in a week.

56.     For example, Plaintiff Perez would always leave work sometime after her scheduled departure time, without Defendants paying her any additional compensation.

57.     Defendants did not provide Plaintiff Perez with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

58.     Plaintiff Perez was not required to keep track of her time, nor to her knowledge did Defendants utilize any time tracking device, such as a time clock or punch cards, that accurately reflected her actual hours worked.

59.     Defendants never provided Plaintiff Perez with a written notice, in English and in Spanish (Plaintiff Perez's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

60.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Perez regarding overtime and wages under the FLSA and NYLL.

*Plaintiff Anastacia (Mercedes) Santiago*

61.     Plaintiff Santiago was employed by Defendants from approximately October 2009 until on or about January 30th, 2015.

62.     At all relevant times, Plaintiff Santiago was employed by Defendants as a cookie packer and occasionally, for cleaning activities, such as cleaning the machines, ovens and bakery equipment, washing utensils, mopping, taking garbage out, cleaning the restroom and the office.

63.     Plaintiff Santiago regularly handled goods in interstate commerce, such as baking instruments and cleaning utensils produced outside of the State of New York.

9

64.     Plaintiff Santiago's work duties required neither discretion nor independent judgment.

65.     Throughout her employment with Defendants, Plaintiff Santiago regularly worked in excess of 40 hours per week.

66.     From approximately March 2010 until on or about June 2013, Plaintiff Santiago worked from approximately 8:00 a.m. until on or about 6:00 p.m. Mondays through Fridays, and from approximately 8:00 a.m. until on or about 2:00 p.m. three Saturdays per month (typically 50 to 56 hours per week).

67.     From approximately June 2013 until on or about January 2015, Plaintiff Santiago worked a twelve-and-a-half-hour shift six days a week, from approximately 7:00 a.m. until on or about 7:30 p.m. six days a week (typically 75 hours per week).

68.     However, from approximately September until on or about December of the years 2013, 2014 and 2015, Plaintiff Santiago worked a twelve-and-a-half-hour shift seven days a week, from approximately 7:00 a.m. until on or about 7:30 p.m. seven days a week (typically 88 hours per week).

69.     Throughout her employment with defendants, Plaintiff Santiago was paid her wages in cash.

70.     From approximately March 2010 until on or about January 2015, Plaintiff Santiago was paid $4.50 per hour.

71.     For a period of time in January 2015, Plaintiff Santiago was paid $5.50 per hour.

72.     Defendants did not provide Plaintiff Santiago with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

10

73.    Plaintiff Santiago was not required to keep track of her time, nor to her knowledge did the Defendants utilize any time tracking device, such as a time clock or punch cards, that accurately reflected her actual hours worked.

74.    Defendants never provided Plaintiff Santiago with a written notice, in English and in Spanish (Plaintiff Santiago's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

75.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Santiago regarding overtime and wages under the FLSA and NYLL.

*Plaintiff Flavia Bautista-Martinez*

76.    Plaintiff Bautista-Martinez was employed by Defendants from approximately November 2011 until on or about August 2013; from approximately October 2013 until on or about April 2014; and, from approximately December 2014 until on or about July 2015.

77.    At all relevant times, Plaintiff Bautista-Martinez was employed by Defendants as a cookie maker, baker and packer; sometimes, she was required to do some cleaning activities (cleaning the oven, the machines, restrooms and office).

78.    Plaintiff Bautista-Martinez regularly handled goods in interstate commerce, such as baking instruments and cleaning utensils produced outside of the State of New York.

79.    Plaintiff Bautista-Martinez's work duties required neither discretion nor independent judgment.

80.    Throughout her employment with Defendants, Plaintiff Bautista-Martinez regularly worked in excess of 40 hours per week.

11

81.     From approximately November 2011 until on or about December 2011, Plaintiff Bautista Martinez worked from approximately 8:00 a.m. until on or about 5:00 p.m. Mondays through Sundays (typically 63 hours per week).

82.     From approximately January 2012 until on or about September 2012, Plaintiff Bautista-Martinez worked from approximately 8:00 a.m. until on or about 5:00 p.m. Tuesdays through Fridays (typically 40 hours per week).

83.     From approximately September 2012 until on or about November 2012, Plaintiff Bautista-Martinez worked from approximately 8:00 a.m. until on or about   5:00 p.m. Mondays through Saturdays(typically 54 hours per week)

84.     For a period of about four weeks in December 2012 , Plaintiff Bautista-Martinez worked from approximately 8:00 a.m. until on or about 5:00 p.m. Mondays through Sundays (typically 63 hours per week).

85.     From approximately January 2013 until on or about August 2013, Plaintiff Bautista-Martinez worked a ten-hour shift six days a week, from approximately 7:00 a.m. until on or about 6:00 p.m. (typically 60 hours per week).

86.     From approximately October 2013 until on or about April 2014, Plaintiff Bautista-Martinez worked a ten-hour shift six days a week, from approximately 7:00 a.m. until on or about 5:00 p.m. (typically 60 hours per week), except in December 2013 when Plaintiff Bautista-Martinez worked a twelve-hour shift seven days a week (typically 77 hours per week).

87.     From approximately December 2014 until on or about July 2015, Plaintiff Bautista-Martinez worked an eleven-hour shift six days a week, from approximately  7:00 a.m.

to 6:00 p.m. (typically 66 hours per week), except on December 2014 when Plaintiff Bautista-Martinez had the same above schedule but worked seven days a week (typically 77 hours).

88.      Throughout her employment with defendants, Plaintiff Bautista-Martinez was paid her wages in cash.

89.      From approximately November 2011 until on or about April 2014, Plaintiff Bautista-Martinez was paid $4.50 per hour.

90.      From approximately December 2014 until on or about July 2015, Plaintiff Bautista-Martinez was paid $5.00 per hour.

91.      Defendants never provided Plaintiff Bautista-Martinez with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

92.      Plaintiff Bautista-Martinez was not required to keep track of her time, nor to her knowledge did the Defendants utilize any time tracking device, such as a time clock or punch cards, that accurately reflected her actual hours worked.

93.      Defendants never provided Plaintiff Bautista-Martinez with a written notice, in English and in Spanish (Plaintiff Bautista-Martinez's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

94.      No notification, either in the form of posted notices or other means, was ever given to Plaintiff Bautista-Martinez regarding overtime and wages under the FLSA and NYLL.

*Plaintiff Maria Neri*

95.      Plaintiff Neri was employed by Defendants from approximately July 18th, 2015 until on or about December 2015.

96.     At all relevant times, Plaintiff Neri was employed by Defendants as a cookie packer and was required to perform several cleaning activities such as cleaning the restrooms and changing rooms, the table where they prepared the cookies, ovens, machines; sweeping and taking out the garbage.

97.     Plaintiff Neri regularly handled goods in interstate commerce, such as baking instruments and cleaning utensils produced outside of the State of New York.

98.     Plaintiff Neri's work duties required neither discretion nor independent judgment.

99.     Throughout her employment with Defendants, Plaintiff Neri regularly worked in excess of 40 hours per week.

100.    From approximately July 2015 until on or about December 2015, Plaintiff Neri worked from approximately 7:00 a.m. until on or about 6:00 p.m. Mondays through Fridays and from approximately 7:00 a.m. until on or about 5:00 p.m. on Saturdays (typically 65 hours per week).

101.    Throughout her employment with defendants, Plaintiff Neri was paid her wages in cash.

102.    Plaintiff Neri was paid $5.00 per hour. However, when she was first interviewed, Defendant Cardinale told her he would pay her $8.00 per hour, but he never did.

103.    Defendants deducted $2.50 per each daily 30-minute break Plaintiff Neri took.

104.    Defendants did not provide Plaintiff Neri with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

14

105.    Plaintiff Neri was not required to keep track of her time, nor to her knowledge did the Defendants utilize any time tracking device, such as a time clock or punch cards, that accurately reflected her actual hours worked.

106.    Defendants never provided Plaintiff Neri with a written notice, in English and in Spanish (Plaintiff Neri's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

107.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Neri regarding overtime and wages under the FLSA and NYLL.

*Defendants' General Employment Practices*

108.    Defendants regularly required Plaintiffs to work in excess of forty (40) hours per week without paying them the proper minimum wages, overtime and spread of hours pay.

109.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of forty (40) hours per week without paying them appropriate minimum wage, overtime compensation and spread of hours pay, as required by federal and state laws.

110.    Plaintiffs were paid their wages entirely in cash.

111.    Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

112.    By employing these practices, Defendants avoided paying Plaintiffs the minimum wage for their regular hours and overtime compensation of time and a half for all of their hours worked in excess of forty (40) hours per week.

113.    Defendants failed to post required wage and hour posters in the Bakery, and did not provide Plaintiffs with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiffs' relative lack of sophistication in wage and hour laws.

114.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for (1) their full hours worked and (2) for overtime due.

115.    Defendants failed to provide Plaintiffs and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

116.    Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business,

16

and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

**FLSA COLLECTIVE ACTION CLAIMS**

117. Plaintiff Plaintiffs bring their FLSA overtime wages, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in their case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

118. At all relevant times, Plaintiffs and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required overtime pay of one and one-half times their regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiffs' wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

119. The claims of Plaintiffs stated herein are similar to those of the other employees.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS**

120. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

121. At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards

17

Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

122. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

123. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

124. Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

125. Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

126. Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION

### VIOLATION OF THE FLSA OVERTIME PROVISIONS

127. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

128. At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

18

129.   At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

130.   Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

131.   Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

132.   Defendants' failure to pay Plaintiffs' (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

133.   Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

134.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

135.   At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

136.   Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs (and the FLSA Class members) less than the minimum wage.

137.   Defendants' failure to pay Plaintiffs (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

138.   Plaintiffs (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE NEW YORK STATE LABOR LAW'S OVERTIME PROVISIONS

139.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

140.   Defendants, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

141.   Defendants' failure to pay Plaintiffs (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

142.   Plaintiffs (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

143.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

144. Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.4(a) (2009).

145. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

146. Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

147. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

148. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

149. Defendants are liable to Plaintiffs in the amount of $2,500, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

150. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

151. Defendants did not provide Plaintiffs with a statement of wages with each payment of wages, as required by NYLL 195(3).

152. Defendants are liable to Plaintiffs in the amount of $2,500, together with costs and attorney's fees.

**EIGHTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

153. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

154. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

155. Defendants are liable to each Plaintiff in the amount of $2,500, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants by:

a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs', and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

e) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs and the FLSA class members;

f) Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

g) Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the members of the FLSA Class;

i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the members of the FLSA Class;

j) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs and the members of the FLSA Class;

23

k) Declaring that Defendants violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiffs', and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

l) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiffs', and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

m) Declaring that Defendants' violations of the New York Labor Law AND SPREAD OF HOURS WAGE ORDER were willful as to Plaintiffs and the FLSA Class members;

n) Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid overtime wages as well as damages for any improper deductions or credits taken against wages;

o) Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

p) Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

q) Awarding Plaintiffs and the FLSA class members pre-judgment and post-judgment interest as applicable;

r) Awarding Plaintiffs and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

s) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

24

is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

t) All such other and further relief as the Court deems just and proper.

Dated: New York, New York
       April 12, 2016

MICHAEL FAILLACE & ASSOCIATES, P.C.


_/s/ Michael Faillace_
By:    Michael A. Faillace [MF-8436]
       60 East 42nd Street, Suite 2540
       New York, New York 10165
       (212) 317-1200
       _Attorneys for Plaintiff_

25

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 16, 2016

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    America Perez Bautista

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     16 de marzo de 2016

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 29, 2016

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Flavia Bautista-Martinez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     29 de marzo de 2016

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165
Faillace@employmentcompliance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

March 16, 2016

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          MARIA NERI

Legal Representative / Abogado:          Michael Faillace & Associates, P.C.

Signature / Firma:                       *Maria Neri*

Date / Fecha:                            16 de marzo de 2016

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 8, 2016

BY HAND

TO:    Clerk of Court.

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Anastacia Santiago

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                *Anastacia Santiago*

Date / Fecha:                     08 de marzo de 2016